[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a collection action, on an alleged contract, transferred from the small claims court by magistrate's order dated October 13, 1993.
After a full trial, the court, based upon a preponderance of the credible, relevant and legally admissible evidence, finds, determines and rules as follows:
The plaintiff, a marina operator and boat broker, and the defendant, a boat owner, entered into two agreements.
First, that the defendant would store his boat at the plaintiff's marina and that the defendant would pay for winterization and storage charges.
Second, that the plaintiff would undertake to sell the defendant's boat and if successful the plaintiff would receive a 10% commission.
The defendant indicated to an employee of the plaintiff that he did not intend to pay storage or winterization fees, if the plaintiff sold the boat. The plaintiff never consented to this condition.
The plaintiff, on October 8, 1992, winterized the defendant's boat and placed it in indoor storage to facilitate inspection by interested potential buyers.
On or about December 27, 1992, the plaintiff sold the defendant's boat, earning a brokerage commission of $8,400.00, which it received from the sale's proceeds.
The plaintiff did not bill the defendant for winterization and storage fees until February of 1993. CT Page 4919
The defendant was not the owner of the boat after December 27, 1992.
The court finds that the winterization and storage contract requiring the charges "to be paid in full when billed or by December 15" anticipates that the owner remains the owner during the full period of storage.
A sale during the storage period is not covered by the agreement and in balancing equities it would not be appropriate to charge the defendant for storage after he no longer owned the boat, particularly where the defendant was the broker and should have anticipated, but seemingly ignored, any obligation of a new owner to be responsible for the storage of his boat. Any arrangements with such new owner was under the plaintiff's power to control; the plaintiff having prepared the sales agreement, should have anticipated this controversy and should have resolved it prior to the sale.
The court finds, that under the facts and circumstances of this case, the storage charges should be pro-rated and that the fair value of the storage attributable to the defendant is $405.81. Further, the court finds that the defendant is liable for winterization charges in the amount of $766.91 which when added to the storage charge comes to $1,172.72.
The court also finds that there were legitimate issues to be resolved between the parties and therefore no costs, interest or legal fees are awarded to either party.
Further the court finds no violation of CUTPA, Gen. Stat. Sec. 42-110b.
Accordingly, judgment may enter on the complaint for the plaintiff to recover of the defendant the sum of $1,172.72, without costs, interest or counsel fees.
And, judgment may enter for the plaintiff on the defendant's counter-claim, also without costs.
SPALLONE STATE TRIAL REFEREE
Judgment to enter in accordance with foregoing Memorandum of Decision. CT Page 4920
Jonathan Field, Deputy Chief Clerk